was made, and with costs accruing thereafter to the defendant, and as so modified affirmed, with costs to the defendant, upon the ground that the finding of the jury that there was fraud or mutual mistake in the making of the award is without evidence to support it and the parties are bound by the award as made. All concur. Present — Sears, P. J., Taylor, Edgcomb,. Thompson and Crosby, JJ.

JOSEPH M. TAURIELLO and Others, Respondents, v. ÆTNA INSURANCE COMPANY OF HARTFORD, CONNECTICUT, Appellant.— Judgment and order modified upon the law, by reducing the amount of the recovery to the sum of $2,159.52, with interest from May 26, 1928, with costs to the plaintiff to the time offer of judgment was made, and with costs accruing thereafter to the defendant, and as so modified affirmed, with costs to the defendant, upon the ground that the finding of the jury that there was fraud or mutual mistake in the making of the award is without evidence to support it and the parties are bound by the award- as made. All concur. Present — Sears, P. J., Taylor, Edgcomb, Thompson and Crosby, JJ.

MARILLA L. BROWN and Others, Respondents, v. MEYERS & PFEIFER CORPORATION, Appellant.— Judgment and order reversed on the facts and a new trial granted, with costs to appellant to abide the event, on two grounds: 1. The jury finding that the fire was caused by static electricity is not satisfactorily sustained by the evidence. 2. Assuming that the fire was caused as plaintiffs claim, the finding that the fire thus caused was reasonably to be apprehended and that it was due to defendant's negligence is against the weight of the evidence. All concur. Present — Sears, P. J., Taylor, Edgcomb, Thompson and Crosby, JJ.

FRANK ROSE and DOMINICO MAZZA, Respondents, v. MEYERS & PFEIFER CORPORATION, Appellant.— Judgment and order reversed on the facts and a new trial granted, with costs to appellant to abide the event, on two grounds: 1. The jury finding that the fire was caused by static electricity is not satisfactorily sustained by the evidence. 2. Assuming that the fire was caused as plaintiffs claim, the finding that the fire thus caused was reasonably to be apprehended and that it was due to defendant's negligence is against the weight of the evidence. All concur. Present — Sears, P. J., Taylor, Edgcomb, Thompson and Crosby, JJ.

SUSANNA MULLEN, Respondent, v. UNITED STATES CASUALTY COMPANY, Appellant.— Judgment and order afirmed, with costs. All concur. Present — Sears, P. J., Crouch, Edgcomb, Thompson and Crosby, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. DAVID H. KAHN and EMIL KLEIN, Appellants.— Judgment of conviction affirmed. All concur. Present — Sears, P. J., Crouch, Taylor, Thompson and Crosby, JJ.

In the Matter of the Application of WALTER E. RANDALL, as Executor, etc., of NORTON RANDALL, Deceased, to Discover Certain Property of Said Deceased, Claimed to Be Withheld.— Decree reversed on the law and matter remitted to the Surrogate's Court with directions to enter a decree dismissing the petition, with costs to the appellant, payable out of the estate, on the ground that the evidence conclusively establishes that the property mentioned in the petition had been given by the deceased to the respondent Valdermarsen before testator's death. All concur. Present — Sears, P. J., Crouch, Taylor, Thompson and Crosby, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. NATALE MONTALTO, Appellant.— Judgment of conviction affirmed. All concur. Present — Sears, P. J., Taylor, Edgcomb, Thompson and Crosby, JJ.